Cody Lee OURSBOURN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00141–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 2006.

Discretionary Review Granted
April 18, 2007.

Douglas Durham, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Shirley Cornelius, Assistant District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Cody Lee Oursbourn, appellant, was charged by indictment with aggravated robbery. TEX. PEN.CODE ANN. § 29.03 (Vernon 2003). Appellant entered a plea of not guilty. The jury found him guilty, found an enhancement paragraph to be true, and assessed punishment at 75 years' confinement.

Appellant raises four points of error. In his first point of error, appellant contends that the trial court erred in failing to file written findings of fact and conclusions of law. In his second point of error, appellant contends that the trial court erred in failing to provide jury instructions sua sponte on the law of voluntariness of custodial confessions. In his third and fourth points of error, appellant contends that the trial court abused its discretion in admitting appellant's custodial confession into evidence.

We affirm.

### Background

On November 22, 2003, Frances Rapp, complainant, exited her car to go to a club on Richmond Avenue. After she stepped out of the car, she was approached by a gunman who instructed her to give him the keys to the car. Rapp complied, and the gunman drove away. Rapp reported the robbery to the police and contacted On–Star, which was able to track the car's location.

Later that night, On–Star notified the police of the location of the car. Sergeant R.L. de los Santos went to the location and saw the car parked in an apartment complex. A few minutes later, someone got into the car and left. Sergeant de los Santos followed the car, and before he could activate his lights, the driver sped

away. Sergeant de los Santos pursued the driver. Shortly afterwards, the driver stopped the car and attempted to flee on foot. During the chase, the driver tripped and sustained an injury to his head. The driver was identified as Cody Lee Oursbourn, appellant.

The police took appellant into custody, and Officer Colleen Guidry met with him on November 24, 2003 for an interrogation. At the time, appellant was in a neck brace, and at one point complained of feeling pain in his head due to the injury. Officer Guidry notified appellant of his rights, and appellant indicated that he understood them.

Officer Guidry had earlier presented a photographic line-up to Rapp and another witness. Although a photograph of appellant was included in the line-up, neither witness identified appellant as the robber. Officer Guidry told appellant, however, that he had been identified as the robber. After this, appellant admitted to the robbery and stated facts that corroborated the version of events that Rapp had given to the police.

Appellant has been diagnosed with a bipolar disorder. Appellant's mother testified that on the day of the robbery and on the day that she picked appellant up from the police, appellant had been exhibiting manic behavior and that this could have affected the voluntariness of appellant's confession.

At trial, appellant raised a challenge to the voluntariness of his custodial confession. The trial court held a hearing and overruled appellant's motion to suppress. The issue of the voluntariness of appellant's confession was then raised before the jury during the trial.

## Findings of Fact and Conclusions of Law

In his first point of error, appellant argues that the trial court erred in failing to file written findings of fact and conclusions of law concerning the voluntariness of his confession. After a hearing on the voluntariness of a custodial confession, the trial court is required to file written findings of fact and conclusions of law. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (Vernon 2005). On this Court's own motion, we abated the case and remanded it to the trial court to file written findings of fact and conclusions of law. Pursuant to our order, the trial court entered the appropriate findings and conclusions.

Appellant's first point of error is overruled as moot. *Rocha v. State*, 16 S.W.3d 1, 10 (Tex.Crim.App.2000).

## Admission of Custodial Confession

In his third and fourth points of error, appellant argues that the trial court erred in admitting his custodial confession into evidence. Specifically, appellant argues that he had not voluntarily, knowingly, and intelligently waived his rights and that the interrogating officer overbore his will to obtain the confession.

### A. Standard of Review

We review the trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). "At the hearing on the motion, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Id.* In reviewing the record, we defer to the trial court's determination of facts, particularly when the trial court's findings turn on an evaluation of the credibility and demeanor of the witnesses. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We apply the same deference in reviewing the trial court's rulings on mixed questions of law

and fact if they turn upon a similar credibility evaluation. *Id.* If a mixed question of law and fact does not turn on a witness's credibility and demeanor, however, we review the trial court's determination de novo. *Id.*

## B. Analysis

■ Under both points of error, appellant relies on federal cases analyzing confession law under constitutional standards. *See, e.g., Mincey v. Arizona,* 437 U.S. 385, 397–98, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978); *Henry v. Dees,* 658 F.2d 406, 411 (5th Cir.1981).[1] To challenge the voluntariness of a custodial confession under federal constitutional law, there must be a showing of improper police conduct. *Colorado v. Connelly,* 479 U.S. 157, 163–67, 107 S.Ct. 515, 519–22, 93 L.Ed.2d 473 (1986); *Lane v. State,* 933 S.W.2d 504, 511–12 (Tex.Crim.App.1996).

During the hearing, appellant argued that the confession was involuntary because appellant has a bipolar disorder and was exhibiting symptoms of this disorder during the videotaped confession. On appeal, appellant also argues that his confession was involuntary because he was injured at the time and experiencing some pain and because Officer Guidry falsely told him that he had been identified in a photographic line-up by some witnesses.

The State argues that appellant did not present any evidence of improper police conduct during the hearing. The fact that Officer Guidry's statement that appellant had been identified by witnesses was false was not established until after the videotaped confession had been admitted into evidence during the trial and published to the jury.

■ "The burden of proof at the hearing on admissibility is on the prosecution, which must prove by a preponderance of the evidence that the defendant's statement was given voluntarily." *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Crim.App. 1995). During the hearing, Officer Guidry testified about her interrogation of appellant. Her testimony was uncontroverted and no other evidence was presented to suggest that there was any improper police conduct. The evidence, therefore, supports the trial court's findings that Officer Guidry informed appellant of his rights and that she did not threaten him or offer him any inducements. Accordingly, the State met its burden at the hearing, and the trial court acted in its discretion concluding that appellant's confession was voluntary and admissible.

On appeal, appellant cites Officer Guidry's admission that during the interrogation she falsely told him that he had been identified in a photographic line-up by some witnesses as proof of improper police conduct. However, this admission only came after the videotape had been admitted into evidence at trial and had been published to the jury. Appellant never re-urged his motion after this point and never asked the court to consider this as improper police conduct for purposes of suppression.

We review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim.App.2000). Accordingly, the trial court did not abuse its discretion in admitting appellant's videotaped custodial confession into evidence.[2]

---

1. Appellant cites two Court of Criminal Appeals cases: *State v. Terrazas,* 4 S.W.3d 720 (Tex.Crim.App.1999) and *Alvarado v. State,* 912 S.W.2d 199 (Tex.Crim.App.1995). However, both of these cases also analyze the voluntariness of a confession under federal constitutional law. *Terrazas,* 4 S.W.3d at 723–24; *Alvarado,* 912 S.W.2d at 211.

2. Because we determine that the issue of a misrepresentation about being identified in a

We overrule appellant's third and fourth points of error.

## Jury Charge

■ In his second point of error, appellant argues that the trial court erred in failing to provide jury instructions sua sponte on the law of voluntariness of custodial confessions.

### A. Standard of Review

The Court of Criminal Appeals has recently recognized a potential conflict in the law regarding whether the trial court is required to include sua sponte a jury instruction on the voluntariness of a custodial confession when the issue is raised by the evidence. *Perry v. State*, 158 S.W.3d 438, 443 & n. 1 (Tex.Crim.App.2004).[3] One line of cases is represented by *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex.Crim.App. 2002).[4] The other line of cases is represented by *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App.1986).[5]

Under *Mendoza*, "[t]he trial court must instruct the jury to disregard illegally obtained evidence if the defendant [1] raises a fact issue concerning the manner in which the evidence was obtained and [2] requests the instruction." *Mendoza*, 88 S.W.3d at 239. Without a request from the defendant, the trial court is not required to include an instruction on voluntariness, and there is no error. *See id.*

Under *Thomas*, "where jury charge error is first raised on appeal, this Court will consider the complaint, albeit under a more exacting harm analysis if error is found.... Therefore, whether appellant properly preserved any asserted jury charge error will only be relevant should we find that error actually occurred." *Thomas*, 723 S.W.2d at 707. Under this standard, the trial court is required to include an instruction on voluntariness, although the standard of review for harm is elevated if the defendant does not also request an instruction. *See id.*

Both standards require the issue of voluntariness to be raised by the evidence.[6] *Mendoza*, 88 S.W.3d at 239; *Thomas*, 723 S.W.2d at 707. The distinction between them is that one requires the defendant to request an instruction before error can be

---

photographic line-up was not properly presented before the trial court, we do not determine whether—for purposes of determining admissibility—that qualifies as improper police conduct.

**3.** The dissent makes no comment on this conflict, relying, instead, on *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) in its analysis. We, however, feel compelled to address the conflict mentioned in *Perry* because the *Mendoza* line of cases specifically addresses the issue of voluntariness of a confession while *Almanza* is a more general analysis of charge error.

**4.** Other cases in this line include *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App. 1993) and *Perry v. State*, 158 S.W.3d 438, 443 (Tex.Crim.App.2004).

**5.** Other cases in this line include *Almanza v. State*, 686 S.W.2d at 171and *Pickens v. State*,

165 S.W.3d 675, 680–81 (Tex.Crim.App. 2005).

**6.** *Thomas* requires that a "factual dispute" as to how the evidence was obtained be found in the record. *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App.1986). While *Mendoza* does not mention the necessity of a "factual dispute," *Perry*, in citing *Mendoza*, does include this language. *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex.Crim.App.2002); *Perry v. State*, 158 S.W.3d at 443. The Austin Court of Appeals has recently held that a factual dispute is not statutorily required in a challenge to the voluntariness of a custodial confession; instead, the evidence need only raise the issue. *Vasquez v. State*, 179 S.W.3d 646, 657–62 (Tex.App.-Austin 2005, pet. granted). The Court of Criminal Appeals has granted petition for discretionary review on *Vasquez*. Because we determine that there is a factual dispute, we need not decide whether a lesser standard is required.

found, and the other changes the standard of review for harm if the defendant does not request an instruction. For reasons given below, we follow the *Mendoza* line of cases based on our belief that such cases present the more appropriate standard for appellate analysis. First, however, we must discuss two issues raised by the State.

### 1. State's Arguments

The State argues that we need not reach the issue of whether the trial court should have sua sponte included a jury instruction on voluntariness because there was no factual dispute "with respect to the manner in which the confession was obtained." We disagree.

 We are asked to determine whether an instruction on voluntariness should have been included in the charge to the jury—whether the jury should have been permitted to decide whether the confession was voluntary. When the trial court is asked to submit instructions on defensive issues, the standard is whether there is *some evidence* to support a jury finding on that issue. *Brown v. State,* 955 S.W.2d 276, 279 (Tex.Crim.App.1997). For defensive issues, instructions are required regardless of whether the evidence raised "is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief." *Id.* (quoting *Williams v. State,* 630 S.W.2d 640, 643 (Tex.Crim.App.1982)). The Court of Criminal Appeals has recognized a challenge of the voluntariness of a confession to be a defensive issue. *Mendoza,* 88 S.W.3d at 239. Accordingly, we only review the record for some evidence of a factual dispute.

Under that standard, there was evidence presented before the jury that appellant was in pain, was lied to about the evidence against him, and displayed characteristics of being in a vulnerable mental state due to his bipolar disorder. On the other hand, there was also testimony that appellant was calm, able to understand the questions asked of him and respond intelligently, and was not exhibiting signs of either severe depression or mania during the interrogation. We hold that there was some evidence to raise the issue of voluntariness and to create a factual dispute as to voluntariness.

The State also argues that an instruction on voluntariness due to appellant's bipolar disorder would be an impermissible comment on the weight of the evidence. The State correctly asserts that an instruction focusing on illness as a factor would constitute an impermissible comment on the weight of the evidence. *Rocha,* 16 S.W.3d at 21. However, we do not read appellant's point of error so broadly. Appellant argues only that an instruction on the law of voluntariness should have been included in the jury charge. This is permissible. *Mendoza,* 88 S.W.3d at 239. Appellant refers only to his bipolar disorder as a part of the fact issue that raised voluntariness, not as to what should have been included in the instruction itself.

### 2. Standard for Instruction on Voluntariness

There are three reasons that lead us to the conclusion that the *Mendoza* line of cases should apply to considering issues of voluntariness instructions in the jury charge. First, the Court of Criminal Appeals has expressed a preference for *Mendoza.* Second, the Court of Criminal Appeals has treated a challenge to the voluntariness of a custodial confession as a defensive issue, which must be requested to be included in the jury charge. Third, the language in article 38.22 of the Code of Criminal Procedure supports a requirement of a request before error is found in the jury charge.

### a. Favorability of *Mendoza*

Even in *Perry,* in which the Court of Criminal Appeals raised the issue of a potential conflict between *Mendoza* and *Thomas,* the court indicated a preference for *Mendoza. Perry,* 158 S.W.3d at 443. In *Perry,* the court first stated the *Mendoza* standard as the correct form of analysis and then cited *Thomas* as a possible conflict to this standard. *Id.* This preference is supported by the case law.

As an initial matter, it is important to note that the *Mendoza* line of cases has been consistently applied to issues of voluntariness instructions in the jury charge. *See, e.g., Perry,* 158 S.W.3d at 443 (considering whether there were disputed facts relevant to voluntariness of oral statement); *Mendoza,* 88 S.W.3d at 238 (considering whether proposed instructions applying law on voluntariness to facts of case were properly excluded); *Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App.1993) (considering whether "the trial court erred in refusing to submit to the jury a question about whether he had confessed voluntarily or only as the result of coercion and/or promises").

On the other hand, it appears that the *Thomas* line of cases has never been applied to issues of voluntariness. *See, e.g., Pickens v. State,* 165 S.W.3d 675, 680 (Tex. Crim.App.2005) (considering trial court's failure to sua sponte include instruction on disregarding evidence unless jury found search of car to be legal); *Thomas,* 723 S.W.2d at 706 (considering whether trial court erred in refusing to instruct jury to consider whether request for counsel constituted a refusal to provide breath sample); *Almanza v. State,* 686 S.W.2d 157, 159 (Tex.Crim.App.1985) (considering standard of review for error in jury charge when aggravation feature was disjoined from rape).

The confusion over the applicability of *Thomas* apparently stems from two circumstances. First, both lines of cases analyze error in the jury charge under Code of Criminal Procedure article 38.23. TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005); *Mendoza,* 88 S.W.3d at 239; *Thomas,* 723 S.W.2d at 707. Cases involving issues of error in the jury charge are commonly analyzed under article 38.23 using the *Thomas/Almanza* standard of review. Analyzing the *Mendoza* line of cases under article 38.23, but using a different standard of review, has allowed for confusion over a conflict in the law.

Second, when the Court stated the standard of review in *Mendoza,* it cited *Thomas* as authority. *Mendoza,* 88 S.W.3d at 239. Although *Muniz* was cited, it was not cited for that point of law. *Id.* This conflated the two separate lines of cases into one, and the current confusion resulted. However, the Court of Criminal Appeals has continued to indicate its preference for *Mendoza* in voluntariness cases. *Perry,* 158 S.W.3d at 443.

### b. Voluntariness as a Defensive Issue

■ In the *Mendoza* line of cases, the Court of Criminal Appeals has treated a challenge to the voluntariness of a confession as a defensive theory. *See, e.g., Mendoza,* 88 S.W.3d at 239; *Muniz,* 851 S.W.2d at 254. To be included in the jury charge, a defensive issue must be formally requested. TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2005); *Posey v. State,* 966 S.W.2d 57, 60–61 (Tex.Crim.App.1998). Without a formal request, there is no error in the jury charge and *Almanza* does not apply. *Id.* at 61.

### c. Language of Article 38.22, Section 6, of the Code of Criminal Procedure

■ Article 36.14 of the Code of Criminal Procedure requires a party to make specific objections to the charge. TEX.CODE CRIM. PROC. ANN. art. 36.14. Without this objection, there is no error in the charge. *Posey,* 966 S.W.2d at 61. Ar-

ticle 38.22 section 6 requires a trial court to include an instruction on voluntariness in the charge. Tex.Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 2005). However, this requirement does not take effect until the defendant submits to the jury evidence that would raise a fact issue about voluntariness. *Id.* Because the trial court's obligation does not arise until the defendant meets his obligation, it is appropriate to require the defendant to bring to the trial court's attention that his obligations have been met. Otherwise, there is no error. *See Posey,* 966 S.W.2d at 61.

### B. Analysis

The record reflects that appellant did not object to the jury charge or in any way call to the attention of the trial court that he had adequately raised the issue of voluntariness before the jury. Accordingly, we find no error in the charge. *Mendoza,* 88 S.W.3d at 239.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.

Justice JENNINGS, dissenting.

TERRY JENNINGS, Justice, dissenting.

Because the majority, in its discussion of appellant's second issue, fails to follow the well-established precedent of *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985), and erroneously concludes that there is "no error in the charge" in this case, I respectfully dissent.

In his second issue, appellant, Cody Lee Oursbourn, contends that "egregious harm resulted when the trial court failed to provide jury instructions sua sponte pursuant to article 38.22, section 6, and article 38.23 [of the Texas Code of Criminal Procedure], where a factual dispute existed regarding

the voluntariness of appellant's statement." *See* Tex.Code Crim. Proc. Ann. arts. 38.22, § 6; 38.23(a) (Vernon 2005). In his motion to suppress his statement, appellant argued that he was not "competent to understand" his legal rights and "knowingly and voluntarily waive" those rights. *See* Tex.Code Crim. Proc. Ann. art. 38.22, § 2. As noted by the majority, the record does in fact reveal that "there was evidence presented before the jury that appellant was in pain, was lied to about the evidence against him, and displayed characteristics of being in a vulnerable mental state due to his bipolar disorder."

### Standard of Review

The Texas Code of Criminal Procedure provides that in each felony case, the trial court "shall ... deliver to the jury ... a written charge distinctly setting forth the law applicable to the case." Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005). It also provides that whenever a trial court disregards the code's jury charge requirements, "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981).

The Texas Court of Criminal Appeals has stated that article 36.19's clause, "or unless it appears from the record that the defendant has not had a fair and impartial trial," is a "legislative recognition and acceptance of the fundamental error doctrine." *Almanza,* 686 S.W.2d at 172. In *Almanza,* the Court explained,

Construed this way, the statute says that one reason to reverse for error in the charge arises if the error, having been properly objected to at trial is harmful and therefore "calculated to in-

jure the rights of the defendant." An independent basis for reversal arises if the error, even though not timely objected to, is so egregious and creates such harm that it deprives the accused of a "fair and impartial trial."

*Id.* As recently noted by the Court of Criminal Appeals,

> Our case law is clear that when there is jury-charge error, whether objected to or not objected to, the standard for assessing harm is controlled by *Almanza.*

*Bluitt v. State,* 137 S.W.3d 51, 53 (Tex. Crim.App.2004).

Thus, in analyzing a jury charge issue, an appellate court's first duty is to decide whether error exists. *Middleton v. State,* 125 S.W.3d 450, 453 (Tex.Crim.App.2003). If error exists, the court then analyzes that error for harm. *Id.* The degree of harm necessary for reversal depends upon whether the defendant preserved the error by objection. *Id.* Reversal is required for a jury charge error when the defendant has properly objected to the charge and the appellate court finds "some harm" to his rights. *Almanza,* 686 S.W.2d at 171. However, where, as here, a defendant fails to object to or states that he has no objection to the charge, the court will not reverse unless the error was so egregious and created such harm that the defendant did not have a fair trial. *Bluitt,* 137 S.W.3d at 53; *Almanza,* 686 S.W.2d at 171. Thus, appellate courts review alleged charge error by considering (1) whether error existed in the charge and (2) wheth-

er sufficient harm resulted from the error to compel reversal. *See Posey v. State,* 966 S.W.2d 57, 60 & n. 5 (Tex.Crim.App. 1998).

## Article 38.22 and 38.23
## Jury Instructions

In regard to appellant's complaint about the voluntariness of his statement, section 3 of article 38.22 provides that an accused's oral statements "made as a result of custodial interrogation" are inadmissible against the accused in a criminal proceeding *unless* "an electronic recording ... is made of the statement" and, "prior to the statement but during the recording, the accused is given the legal warnings in Subsection (a) of section 2 [of article 38.22]" and "the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning."[1] TEX.CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(1), (2).

When a question is raised as to the voluntariness of an accused's statement, section 6 of article 38.22 requires the trial court to "make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6. If the trial court finds that the statement has been voluntarily made and holds it admissible as a matter of law, "the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based." *Id.* If the trial court

---

1. Section 2 of article 38.22 provides that an accused, prior to making a statement as a result of custodial interrogation, must be warned that:

 (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

 (2) any statement he makes may be used as evidence against him in court;

 (3) he has the right to have a lawyer present to advise him prior to and during any questioning;

 (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

 (5) he has the right to terminate the interview at any time.

 TEX.CODE CRIM. PROC. ANN. art. 38.22, § 2(a) (Vernon 2005).

finds as a matter of law and fact that the statement was voluntarily made, "evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." *Id.* Moreover, article 38.23 provides that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX.CODE CRIM. PROC. ANN. art. 38.23(a). It also provides that "where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." *Id.* art. 38.23(b).

Here, in his motion to suppress his statement, appellant expressly argued that he was not "competent to understand" his legal rights and "knowingly and voluntarily waive" those rights. After a hearing on the motion, the trial court concluded otherwise and denied appellant's motion, but failed to make the appropriate findings of fact and conclusions of law required by section 6 of article 38.22.[2] Subsequently, as acknowledged by the majority, the evidence presented to the jury at trial raised factual issues as to appellant's mental capacity to voluntarily make a statement and whether he in fact waived his legal rights.

Thus, as the trial court clearly erred in failing to enter the appropriate findings of fact and conclusions of law required by section 6 of article 38.22, I would hold that

it further erred in failing to instruct the jury that unless it "believed beyond a reasonable doubt" that appellant's statement was "voluntarily made," it could "not consider such statement for any purpose nor any evidence obtained as a result thereof." *See* TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6. Likewise, I would hold that it erred in failing to provide the jury with an instruction as required by article 38.23. As recently noted by the Court of Criminal Appeals,

> Based upon our holding in *Almanza,* ... that unobjected-to jury-charge error warrants reversal only when the error results in egregious harm, we have held that the question of whether the defendant has preserved jury-charge error is relevant only if there is a determination that error actually occurred. *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim. App.1986). *Thomas* also acknowledged that Article 38.23 provides in mandatory terms "that a jury is to be instructed to resolve factual disputes over whether evidence was illegally obtained and, therefore, inadmissible." *Id.* We have more recently reiterated that "an Article 38.23 instruction must be included in the jury charge only if there is a factual dispute about how the evidence was obtained." *Garza v. State,* 126 S.W.3d 79, 85 (Tex. Crim.App.2004). Thus, if a defendant raises a factual dispute about whether evidence was illegally obtained, an Article 38.23 instruction must be included in the jury charge.

*Pickens v. State,* 165 S.W.3d 675, 680 (Tex. Crim.App.2005).

### Egregious Harm

As noted above, where, as here, a defendant fails to object to or states that he has no objection to the charge, an appellate

---

**2.** As noted by the majority, only upon remand, after this Court abated the appeal, did the trial court make the pertinent findings of fact and conclusions of law.

court will not reverse unless the error was so egregious and created such harm that the defendant did not have a fair trial. *Bluitt*, 137 S.W.3d at 53; *Almanza*, 686 S.W.2d at 171.

Under the well-settled *Almanza* egregious harm standard, the record must show that a defendant has suffered actual, rather than merely theoretical, harm from jury instruction error. 686 S.W.2d at 174. Egregious harm consists of errors affecting the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive. *Saunders v. State*, 817 S.W.2d 688, 692 (Tex.Crim.App.1991). Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex.Crim. App.2002). To determine whether a defendant has sustained egregious harm from a non-objected-to instruction, appellate courts consider (1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim.App.1996).

Although appellant argues that without the article 38.22 and article 38.23 instructions, "there was no mechanism for the jury to disregard appellants statement should they [have] found it involuntary," the State, in its briefing to this Court, does not address the issue of harm.

Here, the crucial fact is that the only evidence directly connecting appellant to the offense of aggravated robbery was his incriminating statement. Neither the complainant nor any of the witnesses to the offense could identify appellant, in either a photographic array or a live line-up, as the man who actually took the complainant's car from her at gunpoint. Moreover, given the factual dispute as to the voluntariness of appellant's statement, the State was actually relieved of its burden of proving beyond a reasonable doubt that appellant voluntarily made his statement. *See* Tex.Code Crim. Proc. Ann. art. 38.22, § 6. Likewise, given the fact issues, it was relieved of its burden of proving beyond a reasonable doubt that the statement was legally obtained. *See* Tex.Code Crim. Proc. Ann. art. 38.23.

The trial court's errors in failing to provide the jury with the appropriate article 38.22 and article 38.23 instructions did affect the very basis of the case against appellant and made the case for conviction clearly and significantly more persuasive. Accordingly, I would hold that appellant suffered egregious harm from the trial court's errors and sustain appellant's second issue.

### Conclusion

The trial court erred in failing to instruct the jury, pursuant to article 38.22, that unless it "believed beyond a reasonable doubt" that appellant's statement was "voluntarily made," it could "not consider such statement for any purpose nor any evidence obtained as a result thereof." It also erred in failing to further provide the jury with an instruction as required by article 38.23. Because the trial court's errors resulted in egregious harm to appellant, I would reverse the judgment of the trial court and remand the case back to the trial court for a new trial.