Opinion Issue March 13, 2008

















In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00092-CR




JAVIER HERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1054441




MEMORANDUM OPINION
          On January 19, 2006, appellant, Javier Hernandez, was stopped by a State
Trooper for speeding. After a search of his vehicle, cocaine was found inside the
spare tire. A jury convicted appellant of the felony offense of possession with intent
to deliver a controlled substance, namely cocaine, weighing at least 400 grams. See
Tex. Health & Safety Code Ann. §§ 481.102(3)(D) (Vernon Supp. 2007),
481.112(a), (f) (Vernon 2003). The trial court assessed punishment at 35 years’
confinement and a $3500 fine. Appellant contends that the trial court erred in failing
to sua sponte submit a jury instruction where a factual dispute had arisen regarding
whether the search of appellant’s vehicle had been lawfully conducted. We affirm.
Article 38.23 Instruction
          In his sole issue, appellant contends that the trial court should have sua sponte
submitted a jury instruction on the legality of the search of his vehicle, pursuant to
Article 38.23 of the Texas Code of Criminal Procedure.


 Specifically, appellant
asserts that an Article 38.23 instruction should have been included because there was
a fact issue whether (1) there was an initial legal justification for his stop, (2) his
consent to search was knowingly and voluntarily given, (3) the duration of the search
exceeded the time necessary for the initial stop, and (4) any consent to search given
occurred after the time necessary for the initial stop. 
Standard of Review
          Our review of the jury charge depends on whether the trial court had a burden
to sua sponte include an Article 38.23 instruction dealing with the legality of the
search of appellant’s vehicle. The Court of Criminal Appeals has recognized, but not
addressed, a potential conflict among its cases regarding this issue: 
Since appellant’s only complaint on appeal is that the trial court refused
his requested instruction, it is unnecessary in this case to resolve any
conflict between our decision in Mendoza [v. State]


 and our decision in
Thomas [v. State]


 on the issue of whether a trial court must sua sponte
submit any other “properly worded” Article 38.23 instruction.

Perry v. State, 158 S.W.3d 438, 443 & n.1 (Tex. Crim. App. 2004).
          In Mendoza, the court explained that a “trial court must instruct the jury to
disregard illegally obtained evidence if the defendant raises a fact issue concerning
the manner in which the evidence was obtained and requests the instruction.” 88
S.W.3d at 239 (emphasis added). However, in Thomas, the court expressed that
whether a defendant preserved error is relevant only in determining the standard of
review during harm analysis. 723 S.W.2d at 707 (citing Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g)); see also Pickens v. State,
165 S.W.3d 675, 680 (Tex. Crim. App. 2005) (citing Thomas, 723 S.W.2d at 707)
(“[T]he question of whether the defendant has preserved jury-charge error is relevant
only if there is a determination that error actually occurred.”). The distinction
between these standards is that one requires the defendant to request an instruction
before error can be found, and the other changes the standard of review for harm if
the defendant does not request an instruction. 
          We recently addressed whether a trial court erred in failing to sua sponte 
provide Article 38.23 instructions on the law of voluntariness of custodial
confessions. Oursbourn v. State, __ S.W.3d __, 2006 WL 2773078, at *3 (Tex.
App.—Houston [1st Dist.] Sept. 28, 2006, pet. granted). After analyzing the potential
conflict among the Court of Criminal Appeals’ decisions, we followed Mendoza and
its progeny, in part because of the well-settled caselaw that a defensive issue must be
formally requested to be included in the jury charge, and, where the defendant fails
to request an instruction on a defensive issue, there is no jury-charge error. Id. at *6.
(citing Posey v. State, 966 S.W.2d 57, 60–61 (Tex. Crim. App. 1998)). Because a
challenge to the voluntariness of a confession is a defensive issue and because the
defendant failed to request an instruction on the voluntariness of his confession, we
held that there was no error in the jury charge. Id.
Analysis
          Our reasoning from Oursbourn applies to the issue before us. Appellant argues
that the factual disputes entitled him to an Article 38.23 instruction center on whether
the evidence presented against him was illegally obtained. An allegation of illegally
obtained evidence is a defensive issue. Parker v. State, 192 S.W.3d 801, 806 (Tex.
App.—Houston [1st Dist.] 2006, pet. ref’d). Therefore, because appellant failed to
request an instruction on the legality of the evidence obtained during the search of his
vehicle, the trial court did not have a duty to sua sponte include an Article 38.23
instruction. See Posey, 966 S.W.2d at 60–62. Accordingly, we hold that there is no
error in the jury charge.



          We overrule appellant’s sole issue.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley. 
Do not publish. Tex. R. App. P. 47.2(b)