NO. 07-06-0381-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 22, 2008
                                       ______________________________

J. W. MARSHALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 92977; HONORABLE LARRY GIST, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, J. W. Marshall, appeals from his conviction for possession of a controlled
substance of more than one gram but less than four grams and sentence of 10 years in
the Institutional Division of the Texas Department of Criminal Justice. We affirm.
Factual and Procedural Background
          Two officers of the Beaumont Police Department were dispatched to an address in
Beaumont about midnight when there were reports of a large fight in progress and shots
being fired. Upon arrival at the apartment complex, both officers noticed a vehicle back
out of a parking space rapidly and attempt to leave the scene. Based upon this activity,
the officers pulled up behind the vehicle and stopped it by illuminating the subject vehicle
with its search light. Both officers testified that as the vehicle was stopping they noticed
that there were several minor children in the vehicle that did not appear to be seated with
any type of seat restraints. The officer driving the police vehicle approached the driver’s
side of the subject vehicle while the second officer approached the passenger side. 
Appellant was the passenger. The officer with appellant asked that appellant step from the
vehicle and go to the rear. After initially complying with the officer’s request, appellant
became somewhat uncooperative when the officer attempted to pat him down for
weapons. Both officers had initially stated that there was concern for officer safety
because a weapon was reported to have been used in the disturbance they were sent to
investigate. While attempting to pat down appellant, a baggie of what was later determined
to be crack cocaine fell to the ground and appellant began stepping on it, apparently trying
to hide or destroy the contraband. Appellant was arrested and placed in the patrol car.
          Prior to trial, appellant had at least two different attorneys. The second attorney
filed a number of motions, one of which was an election to have the jury assess
punishment. At trial, a third attorney represented appellant. During voir dire, the trial
attorney made two specific references to the judge assessing punishment. At the
conclusion of the testimony and before the charge was read to the jury, appellant
requested a charge pursuant to article 38.23 of the Texas Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).


 The trial judge refused the
request. After the jury convicted appellant on the possession charge, the jury was
dismissed and a pre-sentence report was ordered by the trial judge. Subsequently, at a
later hearing on punishment, the judge assessed punishment at 10 years confinement.
          Appellant now raises two contentions. First, he argues that the sentencing was
improper because he did not withdraw or waive his right to be punished by the jury. 
Secondly, he contends that the trial court erred when the court refused his requested jury
issue regarding his arrest and seizure of the contraband. We will address appellant’s
contentions in the order they arose at trial.
Refusal of Art. 38.23 Jury Instruction
          Article 38.23 provides in its relevant parts as follows:
“(a) No evidence obtained by an officer or other person
in violation of any provisions of the Constitution or laws of the
State of Texas, or Constitution or laws of the United States of
America, shall be admitted in evidence against the accused on
the trial of any criminal case.
 
In any case where the legal evidence raises an issue
hereunder, the jury shall be instructed that if it believes, or has
a reasonable doubt, that the evidence was obtained in violation
of the provisions of this Article, then and in such event, the jury
shall disregard any such evidence so obtained.”
Art. 38.23. In reviewing a challenge for failure to give the requested jury instruction, we
must review the evidence to determine, initially, whether there is a factual dispute about
how the evidence was obtained. Pickens v. State, 165 S.W.3d 675, 680 (Tex.Crim.App.
2005). If the facts do not raise a dispute about how the evidence was obtained, then there
is no requirement for giving the requested charge. Id.
          The record before us demonstrates that all witnesses to the initial stop of the vehicle
in which appellant was a passenger stated that the vehicle was stopped because it was
attempting to leave the scene of a reported fight with shots fired. Additionally, each officer
testified that, as they were stopping the vehicle, they noticed minor children in the back
who did not appear to be restrained, as required by the Texas Transportation Code. Tex.
Trans. Code Ann. § 545.413 (Vernon Supp. 2007). There was no evidence introduced at
trial that would suggest any reason other than that testified to by the officers involved for
the reason to stop the vehicle appellant was a passenger in. At the heart of appellant’s
complaint is an allegation that the stop was not legally permissible under the rules adopted
by the Texas Courts following the U. S. Supreme Court’s decision in Terry v. Ohio. Terry
v. Ohio, 392 U.S.1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968), see also Carmouche v. State,
10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000). The underlying legality of the stop was a
matter of law for the trial court. Id. (explaining the standard of review for an appellate court
reviewing the legality of a Terry type detention.) Accordingly, there was no factual dispute
as to the reason for the stop and, therefore, no requirement that the trial court give the
requested instruction. Pickens, 165 S.W.3d at 680. Appellant’s issue is overruled. 
 
Assessment of Punishment
          The record demonstrates that, prior to the trial, one of appellant’s previous attorneys
had filed an election to have the jury assess punishment in the case of a finding of guilt. 
The record also indicates that the written election was never withdrawn by any document
filed during the trial. Based upon this record, appellant now concludes that the punishment
assessment by the court violated his due process rights. 
          The right to have a jury assess punishment is a right furnished by article
37.07(2)(b)(2) of the Texas Code of Criminal Procedure. This right to have a jury assess
punishment is purely statutory and does not rise to the level of a constitutional right. 
Barrow v. State, 207 S.W.3d 377, 380 (Tex.Crim.App. 2006). Further, the statutory
scheme provides that, “If a finding of guilt is returned, the defendant may, with consent of
the attorney for the state, change his election of one who assesses the punishment.” Art.
37.07(2)(b). The lack of a written jury waiver has been held not harmful when the record
reflects that the defendant was aware of his right to have a jury trial on the issue at hand. 
Johnson v. State, 72 S.W.3d 346, 348 (Tex.Crim.App. 2002)(applying the analysis of error
under Appellate Rule 44.2(b)).


 Tex. R. App. P. 44.2(b). For purposes of analysis we
assume, without deciding, that the action of the trial court in deciding the issue of
punishment was error.



          The record of the trial clearly shows that, during voir dire while addressing an
individual panel member, appellant’s counsel made the following statement, “We’re going
to the Court for punishment, your Honor, in the event of conviction.” Later, while
addressing another voir dire panel member, the attorney for appellant again referenced
going to the trial court for punishment with the following statement, “ So, if the punishment
isn’t an issue for the jury, if you’re just to decide whether or not she’s proved her case,
whether he’s guilty of possessing it, then you can do that as long as it’s not
punishment–you’re not involved in punishment?” Finally, after the jury convicted appellant,
the trial court dismissed the jury and took up the issue of punishment without any objection
from appellant. 
          Under the facts of this case, it is very clear that appellant was aware of his right to
have the jury assess punishment. As such, any failure of the trial court to obtain a written
waiver of the jury assessing punishment did not affect appellant’s substantial rights and
must be disregarded. Johnson, 72 S.W.3d at 348. Therefore, we overrule appellant’s
issue.
Conclusion
          Having overruled appellant’s issues, the trial court’s judgment is affirmed.
                                                                           Mackey K. Hancock

                                                                                      Justice

Do not publish.