NO. 07-06-0381-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 22, 2008
_____

J. W. MARSHALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 92977; HONORABLE LARRY GIST, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, J. W. Marshall, appeals from his conviction for possession of a controlled substance of more than one gram but less than four grams and sentence of 10 years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Factual and Procedural Background

Two officers of the Beaumont Police Department were dispatched to an address in Beaumont about midnight when there were reports of a large fight in progress and shots

being fired. Upon arrival at the apartment complex, both officers noticed a vehicle back out of a parking space rapidly and attempt to leave the scene. Based upon this activity, the officers pulled up behind the vehicle and stopped it by illuminating the subject vehicle with its search light. Both officers testified that as the vehicle was stopping they noticed that there were several minor children in the vehicle that did not appear to be seated with any type of seat restraints. The officer driving the police vehicle approached the driver's side of the subject vehicle while the second officer approached the passenger side. Appellant was the passenger. The officer with appellant asked that appellant step from the vehicle and go to the rear. After initially complying with the officer's request, appellant became somewhat uncooperative when the officer attempted to pat him down for weapons. Both officers had initially stated that there was concern for officer safety because a weapon was reported to have been used in the disturbance they were sent to investigate. While attempting to pat down appellant, a baggie of what was later determined to be crack cocaine fell to the ground and appellant began stepping on it, apparently trying to hide or destroy the contraband. Appellant was arrested and placed in the patrol car.

Prior to trial, appellant had at least two different attorneys. The second attorney filed a number of motions, one of which was an election to have the jury assess punishment. At trial, a third attorney represented appellant. During voir dire, the trial attorney made two specific references to the judge assessing punishment. At the conclusion of the testimony and before the charge was read to the jury, appellant requested a charge pursuant to article 38.23 of the Texas Code of Criminal Procedure.

2

Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).[1]  The trial judge refused the request.  After the jury convicted appellant on the possession charge, the jury was dismissed and a pre-sentence report was ordered by the trial judge.  Subsequently, at a later hearing on punishment, the judge assessed punishment at 10 years confinement.

Appellant now raises two contentions.  First, he argues that the sentencing was improper because he did not withdraw or waive his right to be punished by the jury.  Secondly, he contends that the trial court erred when the court refused his requested jury issue regarding his arrest and seizure of the contraband.  We will address appellant's contentions in the order they arose at trial.

Refusal of Art. 38.23 Jury Instruction

Article 38.23 provides in its relevant parts as follows:

> "(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

---

[1]Further reference to the Code of Criminal Procedure will be by reference to "art. ___."

Art. 38.23. In reviewing a challenge for failure to give the requested jury instruction, we must review the evidence to determine, initially, whether there is a factual dispute about how the evidence was obtained. Pickens v. State, 165 S.W.3d 675, 680 (Tex.Crim.App. 2005). If the facts do not raise a dispute about how the evidence was obtained, then there is no requirement for giving the requested charge. Id.

The record before us demonstrates that all witnesses to the initial stop of the vehicle in which appellant was a passenger stated that the vehicle was stopped because it was attempting to leave the scene of a reported fight with shots fired. Additionally, each officer testified that, as they were stopping the vehicle, they noticed minor children in the back who did not appear to be restrained, as required by the Texas Transportation Code. TEX. TRANS. CODE ANN. § 545.413 (Vernon Supp. 2007). There was no evidence introduced at trial that would suggest any reason other than that testified to by the officers involved for the reason to stop the vehicle appellant was a passenger in. At the heart of appellant's complaint is an allegation that the stop was not legally permissible under the rules adopted by the Texas Courts following the U. S. Supreme Court's decision in Terry v. Ohio. Terry v. Ohio, 392 U.S.1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968), see also Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000). The underlying legality of the stop was a matter of law for the trial court. Id. (explaining the standard of review for an appellate court reviewing the legality of a Terry type detention.) Accordingly, there was no factual dispute as to the reason for the stop and, therefore, no requirement that the trial court give the requested instruction. Pickens, 165 S.W.3d at 680. Appellant's issue is overruled.

4

Assessment of Punishment

The record demonstrates that, prior to the trial, one of appellant's previous attorneys had filed an election to have the jury assess punishment in the case of a finding of guilt. The record also indicates that the written election was never withdrawn by any document filed during the trial. Based upon this record, appellant now concludes that the punishment assessment by the court violated his due process rights.

The right to have a jury assess punishment is a right furnished by article 37.07(2)(b)(2) of the Texas Code of Criminal Procedure. This right to have a jury assess punishment is purely statutory and does not rise to the level of a constitutional right. Barrow v. State, 207 S.W.3d 377, 380 (Tex.Crim.App. 2006). Further, the statutory scheme provides that, "If a finding of guilt is returned, the defendant may, with consent of the attorney for the state, change his election of one who assesses the punishment." Art. 37.07(2)(b). The lack of a written jury waiver has been held not harmful when the record reflects that the defendant was aware of his right to have a jury trial on the issue at hand. Johnson v. State, 72 S.W.3d 346, 348 (Tex.Crim.App. 2002)(applying the analysis of error under Appellate Rule 44.2(b)).[2] TEX. R. APP. P. 44.2(b). For purposes of analysis we assume, without deciding, that the action of the trial court in deciding the issue of punishment was error.[3]

---

[2]Although in Johnson the alleged error was the failure to obtain a written waiver of a jury pursuant to Art. 1.13 of the Texas Code of Criminal Procedure, we find the analysis applicable to the case before the Court.

[3]See Hackey v. State, 500 S.W.2d 520, 521 (Tex.Crim.App. 1973). (holding that, absent an objection to the trial court assessing punishment after defendant filed an election

The record of the trial clearly shows that, during voir dire while addressing an individual panel member, appellant's counsel made the following statement, "We're going to the Court for punishment, your Honor, in the event of conviction." Later, while addressing another voir dire panel member, the attorney for appellant again referenced going to the trial court for punishment with the following statement, " So, if the punishment isn't an issue for the jury, if you're just to decide whether or not she's proved her case, whether he's guilty of possessing it, then you can do that as long as it's not punishment–you're not involved in punishment?" Finally, after the jury convicted appellant, the trial court dismissed the jury and took up the issue of punishment without any objection from appellant.

Under the facts of this case, it is very clear that appellant was aware of his right to have the jury assess punishment. As such, any failure of the trial court to obtain a written waiver of the jury assessing punishment did not affect appellant's substantial rights and must be disregarded. Johnson, 72 S.W.3d at 348. Therefore, we overrule appellant's issue.

Conclusion

Having overruled appellant's issues, the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.

---

to have the jury assess punishment, it was presumed that appellant agreed to the assessment of punishment by the trial court.)