TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00441-CR







Juan B. Ponce, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NOS. C-1-CR-09-100003 & C-1-CR-09-100004


HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A municipal court jury found appellant Juan B. Ponce guilty of failing to notify the
department of public safety of a change of address for his driver's license, for which he was fined
$200, and of failing to maintain financial responsibility, for which he was fined $350. See Tex.
Transp. Code Ann. § 521.054 (West Supp. 2009), § 521.461 (West 2007), § 601.191 (West 1999). 
Ponce appealed to the county court at law, which affirmed the convictions. (1) See Tex. Gov't Code
Ann. § 30.00014 (West Supp. 2009). Ponce then appealed to this Court. See id. § 30.00027 (West
2004). We affirm the judgment.

Officer Hollie Franklin stopped appellant after a radioed check of his car's license
plate number revealed that his vehicle registration had expired. Franklin testified that her first act
after stopping appellant was to ask him for his driver's license and proof of insurance. She then
noticed that the registration sticker on the windshield was current. Appellant testified, on the other
hand, that Franklin checked the registration sticker and remarked that it was current before she asked
him for his license and proof of insurance. Franklin issued citations after learning that the address
on appellant's driver's license was a year out of date and that he did not have liability insurance. 

In his first issue on appeal, appellant contends that Franklin violated his
Fourth Amendment rights by continuing to detain him after she saw that his vehicle registration was
current. The county court at law concluded that this issue was not preserved for appeal because
Ponce did not object to Franklin's testimony or otherwise seek to prevent the admission of any
evidence allegedly obtained in violation of the Fourth Amendment. See Tex. Code Crim. Proc. Ann.
art. 38.23(a) (West 2005) (evidence obtained in violation of the constitution is inadmissible). This
conclusion is correct. A defendant who does not object to the admission of evidence cannot claim
that it was unlawfully obtained. Holmes v. State, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). 
Issue one is overruled.

Appellant makes two contentions in his second issue. First, he asserts that the
question of whether his Fourth Amendment rights were violated was not properly presented to the
jury in the trial court's charge. The county court at law concluded that insofar as Ponce is
complaining of the court's failure to instruct the jury pursuant to article 38.23(a), no error is
presented because Ponce did not request an instruction or object to its absence. There is some
authority, however, suggesting that an article 38.23 instruction must be given on the court's own
motion whenever there is a disputed issue of fact material to whether evidence was lawfully
obtained. See Pickens v. State, 165 S.W.3d 675, 680-81 (Tex. Crim. App. 2005); Perry v. State,
158 S.W.3d 438, 443 n.1 (Tex. Crim. App. 2004); see also Holmes, 248 S.W.3d at 202 (holding that
objection to admission of evidence is not prerequisite to article 38.23 instruction). We conclude that
the disputed fact--whether Franklin asked to see Ponce's driver's license and proof of insurance
before or after noticing that his vehicle registration was current--was not material. During a routine
traffic stop, an officer may demand identification, a valid driver's license, and proof of insurance
from the driver, and the officer may detain the driver in order to check for outstanding warrants. 
Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); Davis v. State, 947 S.W.2d 240,
245 n.6 (Tex. Crim. App. 1997). This portion of issue two is overruled.

Ponce also contends under issue two that the evidence is factually insufficient to
sustain the convictions. The evidence will be deemed factually insufficient if, when viewed in a
neutral light, the evidence supporting the verdict is so weak as to make the finding of guilt clearly
wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the
available evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Like the county court at law, we conclude that
the evidence of guilt was factually sufficient in light of Ponce's own testimony admitting that, on
the day in question, he did not have insurance and his driver's license did not show his true address. 
The remainder of issue two is overruled.


The judgments of conviction are affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: April 29, 2010

Do Not Publish

1. In its brief to the county court at law, the State urged that appellant did not perfect his appeal by
filing a notice of appeal. See Tex. Gov't Code Ann. § 30.00014(d) (West Supp. 2009). The county
court's opinion does not address this issue. Appellant properly perfected his appeal to this Court.