# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00441-CR

**Juan B. Ponce, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NOS. C-1-CR-09-100003 & C-1-CR-09-100004
### HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A municipal court jury found appellant Juan B. Ponce guilty of failing to notify the department of public safety of a change of address for his driver's license, for which he was fined $200, and of failing to maintain financial responsibility, for which he was fined $350. *See* Tex. Transp. Code Ann. § 521.054 (West Supp. 2009), § 521.461 (West 2007), § 601.191 (West 1999). Ponce appealed to the county court at law, which affirmed the convictions.[1] *See* Tex. Gov't Code Ann. § 30.00014 (West Supp. 2009). Ponce then appealed to this Court. *See id*. § 30.00027 (West 2004). We affirm the judgment.

---

[1] In its brief to the county court at law, the State urged that appellant did not perfect his appeal by filing a notice of appeal. *See* Tex. Gov't Code Ann. § 30.00014(d) (West Supp. 2009). The county court's opinion does not address this issue. Appellant properly perfected his appeal to this Court.

Officer Hollie Franklin stopped appellant after a radioed check of his car's license plate number revealed that his vehicle registration had expired. Franklin testified that her first act after stopping appellant was to ask him for his driver's license and proof of insurance. She then noticed that the registration sticker on the windshield was current. Appellant testified, on the other hand, that Franklin checked the registration sticker and remarked that it was current *before* she asked him for his license and proof of insurance. Franklin issued citations after learning that the address on appellant's driver's license was a year out of date and that he did not have liability insurance.

In his first issue on appeal, appellant contends that Franklin violated his Fourth Amendment rights by continuing to detain him after she saw that his vehicle registration was current. The county court at law concluded that this issue was not preserved for appeal because Ponce did not object to Franklin's testimony or otherwise seek to prevent the admission of any evidence allegedly obtained in violation of the Fourth Amendment. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (evidence obtained in violation of the constitution is inadmissible). This conclusion is correct. A defendant who does not object to the admission of evidence cannot claim that it was unlawfully obtained. *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). Issue one is overruled.

Appellant makes two contentions in his second issue. First, he asserts that the question of whether his Fourth Amendment rights were violated was not properly presented to the jury in the trial court's charge. The county court at law concluded that insofar as Ponce is complaining of the court's failure to instruct the jury pursuant to article 38.23(a), no error is presented because Ponce did not request an instruction or object to its absence. There is some

authority, however, suggesting that an article 38.23 instruction must be given on the court's own motion whenever there is a disputed issue of fact material to whether evidence was lawfully obtained. *See Pickens v. State*, 165 S.W.3d 675, 680-81 (Tex. Crim. App. 2005); *Perry v. State*, 158 S.W.3d 438, 443 n.1 (Tex. Crim. App. 2004); *see also Holmes*, 248 S.W.3d at 202 (holding that objection to admission of evidence is not prerequisite to article 38.23 instruction). We conclude that the disputed fact—whether Franklin asked to see Ponce's driver's license and proof of insurance before or after noticing that his vehicle registration was current—was not material. During a routine traffic stop, an officer may demand identification, a valid driver's license, and proof of insurance from the driver, and the officer may detain the driver in order to check for outstanding warrants. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Davis v. State*, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997). This portion of issue two is overruled.

Ponce also contends under issue two that the evidence is factually insufficient to sustain the convictions. The evidence will be deemed factually insufficient if, when viewed in a neutral light, the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Like the county court at law, we conclude that the evidence of guilt was factually sufficient in light of Ponce's own testimony admitting that, on the day in question, he did not have insurance and his driver's license did not show his true address. The remainder of issue two is overruled.

3

The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   April 29, 2010

Do Not Publish