Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00862-CR

Benny Ray **ODEM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR2994
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 16, 2011

AFFIRMED

A jury convicted appellant Benny Ray Odem of intentionally or knowingly possessing

cocaine with intent to deliver and knowingly possessing cocaine in the amount of four grams or

more but less than two hundred grams.  Odem elected to have the trial court assess punishment,

and it did so at forty years' confinement in the Texas Department of Criminal Justice–

Institutional Division.  The court also assessed a $5,000 fine.  On appeal, Odem contends: (1) the

evidence was legally insufficient to prove beyond a reasonable doubt he knowingly possessed

the cocaine found in the jacket; (2) the trial court erred by denying Odem's motion to suppress because the search of Odem's vehicle was unconstitutional; and (3) the trial court erred by refusing to instruct the jury as to whether the evidence was illegally obtained. We affirm the trial court's judgment.

## BACKGROUND

According to San Antonio Police Officer Emilio Mascorro, he and Officer Lance Perez pulled Odem over because Odem failed to use his turn signal. Odem was pulling into the Alamo Lodge parking lot, an area that had many prior complaints about prostitution, narcotics deals, and assaults. Officer Perez approached the vehicle on the driver's side while Officer Mascorro approached on the passenger side. Odem was asked for his driver's license but claimed he did not have one. Officer Mascorro then asked Odem if he was staying at the Alamo Lodge, and Odem stated he was. When asked to show his room key, Odem stated he had not yet rented a room but was going to. Officer Mascorro then asked Odem why he had not parked by the office, and Odem replied that he was just there to visit someone. Officer Mascorro testified he could smell a "faint odor" of marijuana emanating from the vehicle.

After confirming Odem did not have a driver's license, Odem was arrested for driving without a license. Officer Mascorro then conducted a search incident to arrest of Odem's person and found a working digital scale. Officer Mascorro believed there was residue on the scale. Officer Mascorro testified that in his training and seven and a half years' experience, these digital scales are often used to weigh illegal narcotics. Officer Mascorro testified he and Officer Perez arrested Odem because of the digital scale, Odem's inconsistent answers, the smell of marijuana, and the fact that the Alamo Lodge had a reputation for criminal activity.

Officer Perez then searched Odem's vehicle. Officer Mascorro testified Officer Perez found some empty sandwich baggies under the driver's side visor that smelled of marijuana. Officer Mascorro explained that in his experience, these baggies are often used to package illegal narcotics. Officer Perez then found cocaine and marijuana in a leather jacket that was sitting in the passenger side of the front seat. Officer Mascorro testified that in the jacket pocket, Officer Perez found five baggies of cocaine, as well as two baggies of marijuana.

Odem filed a motion to suppress the cocaine, which the trial court overruled. Thereafter, the jury convicted Odem of intentionally or knowingly possessing cocaine with intent to deliver and knowingly possessing cocaine in the amount of four grams or more but less than two hundred grams. Odem perfected this appeal.

## ANALYSIS

### *Sufficiency of the Evidence*

In his first issue, Odem contends the evidence was legally insufficient to support his conviction. More specifically, Odem contends the evidence did not demonstrate he was aware of and controlled the jacket containing the illegal narcotics. We disagree.

Under the legal sufficiency standard, we review all of the evidence and reasonable inferences in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found Odem guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We must therefore defer to the jury's weighing of the evidence, resolution of conflicts in the testimony, and assessment of credibility. *Brooks*, 323 S.W.3d at 899. Any inconsistencies in the evidence will be weighed in favor of the jury's verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Both counts of the indictment charged Odem with knowingly possessing a controlled substance, namely cocaine. Odem argues that because the jacket did not belong to him, he did not knowingly possess the cocaine.

To establish possession of a controlled substance, the State must prove: "(1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Therefore, the accused's link to the contraband must be more than fortuitous; there must be independent facts and circumstances affirmatively linking the accused to the contraband. *Id.* at 406.

At trial, Odem testified the vehicle he was driving did not belong to him, and because it did not belong to him, the leather jacket did not belong to him. Odem further testified he did not know the jacket was in the vehicle and alluded to the fact that the officers either planted the jacket or planted the cocaine. On the other hand, Officer Mascorro testified that once the officers placed Odem under arrest, Odem specifically asked for his "leather jacket" "because he was going to be cold at the magistrate's." Bexar County Sheriff Deputy Mark Padilla, who works at the Bexar County Jail, then testified. Officer Padilla testified that when Odem arrived at the jail, he came in with a black jacket, a pair of socks, a pair of tennis shoes, a t-shirt, and two pairs of shorts; Odem indicated to Officer Padilla that he owned these items. Once Odem was released, he signed for the same property to be released to him. After Officer Padilla testified, Odem testified once more. Odem claimed he did not enter or leave the jail with a jacket and claimed Officer Padilla lied about the jacket being part of Odem's property.

Based on the above evidence, we hold there was legally sufficient evidence to establish Odem knowingly exercised control, management, and care over the jacket, and therefore, the

cocaine. First, Odem was within arm's reach of the jacket in the vehicle. Second, when Odem was searched, a digital scale was found in his pocket with residue on it, and baggies typically used to package illegal narcotics were found in the vehicle. Third, Odem asked for the jacket once he was arrested, referring to it as "his" jacket. Fourth, Odem signed the jacket in at the jail. And finally, when Odem retrieved his property from the jail, he retrieved the jacket. Because there was conflicting evidence regarding the jacket and whether Odem claimed it was his, we must defer to the jury's determination of that issue. *See Brooks*, 323 S.W.3d at 899. It is clear from the jury's verdict how they resolved that issue.

Considering all of the evidence in favor of the jury's verdict, any rational trier of fact could have found Odem knowingly exercised control, management, and care over the jacket, and therefore, the cocaine. Accordingly, Odem's first issue is overruled.

### *Motion to Suppress*

In his second issue, Odem contends the trial court erred by denying his motion to suppress because the search of his vehicle was unconstitutional. Odem argues the automobile exception to the warrant requirement did not apply because the officers lacked probable cause to search the vehicle.

A trial court's ruling on a motion to suppress is reviewed under a bifurcated standard. *Wilson v. State*, 311 S.W.3d 452, 457-58 (Tex. Crim. App. 2010). The trial court's determination of historical facts is given almost total deference while the trial court's application of the law to those facts is reviewed *de novo*. *Id.* at 458. "As the sole trier of fact during a suppression hearing, the trial court may believe or disbelieve all or any part of a witness's testimony." *Id.* The evidence is then examined in the light most favorable to the trial court's ruling, but a trial court "abuses its discretion if it refuses to suppress evidence that is obtained in

violation of the law and that is, therefore, inadmissible under article 38.23 [of the Texas Code of Criminal Procedure]." *Id.*

Under the automobile exception, a warrantless search of the vehicle is proper if there is probable cause to believe the vehicle contains evidence of a crime. *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Probable cause amounts to reasonably trustworthy facts and circumstances within the officer's knowledge that would lead a person of reasonable prudence to believe that evidence of a crime will be found. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). "When analyzing whether facts are sufficient to equal probable cause, we should use a 'common-sense' approach and view the facts 'as understood by those versed in the field of law enforcement.'" *Gutierrez v. State*, 327 S.W.3d 257, 263-64 (Tex. App.—San Antonio 2010, no pet.) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

Thus, the question is whether Officers Perez and Mascorro had probable cause to conduct a warrantless search of Odem's vehicle.

During the suppression hearing, Officer Mascorro testified there were many complaints about criminal activity, including prostitution, narcotics, and assaults, around the Alamo Lodge area. Officer Perez and Mascorro pulled Odem over for failing to use his turn signal. Officer Mascorro then testified that while he was questioning Odem, he could smell a faint odor of marijuana emanating from the vehicle. Officer Mascorro testified that once they placed Odem under arrest for driving without a license, he searched Odem's pockets and discovered a digital scale, which appeared to have residue on it. Officer Mascorro explained that through his training and experience, digital scales are often used to weigh illegal narcotics.

We hold that based on his training and experience, Officer Mascorro had probable cause to believe Odem's vehicle contained evidence of a crime. Accordingly, Odem's second issue is overruled.

### *Jury Instruction*

In his final issue, Odem contends the trial court erred by failing to issue a jury instruction under article 38.32 of the Texas Code of Criminal Procedure because there were disputed issues of fact about whether the cocaine was illegally seized. Odem essentially contends that even though he did not object to the jury charge, the trial court erred by not, *sua sponte*, including the jury instruction.

An article 38.32 instruction is warranted when there is an issue concerning the legality of the seizure of the evidence. TEX. CODE CRIM. PROC. ANN. ART. 38.23(a). If an issue is raised, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." *Id.*

Because the jury may resolve factual disputes over the whether the evidence was illegally obtained, and therefore inadmissible, the court of criminal appeals has held that as long as a defendant raises a factual dispute about whether the evidence was illegally obtained, the jury charge must include an article 38.23 instruction. *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005).

But, because Odem failed to object to the jury charge, the error will only be reversed if it resulted in egregious harm, and Odem was denied a fair and impartial trial. *Id.*; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (stating if timely objection at trial, error reversible if "no more than . . . some harm to the accused from the error," but if no proper

objection, error reversible only if harm is egregious).  An erroneous jury charge is egregious if it "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory."  *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).  In our review, we must look to the entire record "which may illuminate the actual, not just theoretical, harm to the accused."  *Almanza*, 686 S.W.2d at 174.

At trial, Officer Mascorro testified Odem was pulled over because he turned left without using his turn signal.  Odem vehemently denied this, claiming he used his turn signal.  Odem testified he specifically remembered manually turning off the signal because it would "stick"; the signal did not automatically turn off once the turn was complete.

At trial, there were other disputed facts including whether Officers Mascorro and Perez planted the jacket and cocaine in Odem's vehicle, and whether Odem claimed the jacket as his own.  It is clear from the jury's findings that they chose to believe Officer Mascorro as opposed to Odem on those issues.  It is, therefore, unlikely the jury would not believe Officer Mascorro when he testified Odem did not use his turn signal.  In this case, the jury either believed Officer Mascorro or believed Odem.  *See Taylor v. State*, 332 S.W.3d 483, 492-93 (Tex. Crim. App. 2011) (no egregious harm from jury-charge error because jury either believed appellant or the victim).

Accordingly, we conclude Odem was not egregiously harmed by the trial court's failure to, *sua sponte*, issue an article 38.23 instruction.

### CONCLUSION

Based on the foregoing, we overrule Odem's three points of error and affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH