

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00077-CR
_____

J.B. ROGERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1460644D

---

Before Pittman, Gabriel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant J.B. Rogers pled guilty to two second-degree-felony counts of possession of a controlled substance—cocaine (Count Two) and heroin (Count Four)—and the trial court convicted him and sentenced him to five years' confinement on each count, with the sentences to run concurrently. Because Appellant entered into a charge bargain with the State and the trial court's amended certification states that he has no right of appeal, we dismiss this appeal.

A grand jury indicted Appellant on four counts:

*Count One*　　possession of four or more but less than two hundred grams of cocaine, a controlled substance, with intent to deliver;

*Count Two*　　possession of four or more but less than two hundred grams of cocaine, a controlled substance;

*Count Three*　possession of four or more but less than two hundred grams of heroin, a controlled substance, with intent to deliver; and

*Count Four*　　possession of four or more but less than two hundred grams of heroin, a controlled substance.

Cocaine and heroin are both Penalty Group I substances. Tex. Health & Safety Code Ann. § 481.102(2), (3)(D). Counts One and Three charge first-degree felonies, *id.* § 481.112(a), (d), and Counts Two and Four charge second-degree felonies, *id.* § 481.115(a), (d). The possession-only offenses charged in Counts Two and Four are lesser-included offenses of Counts One and Three, respectively. *See Pickens v. State*, 165 S.W.3d 675, 679 (Tex. Crim. App. 2005) ("The only difference between possession and possession with intent to deliver is the element of intent to deliver.").

The Written Plea Admonishments provide,

The plea recommendation is *Open w/ PSI + waive Count[s] 1 & 3*. Attached to the Written Plea Admonishments are Appellant's signed waivers and judicial confession. The waivers include a waiver of all pretrial motions as well as a waiver of all rights of appeal. Further, the written judgments for Counts Two and Four characterize the terms of the plea recommendation as "Terms of Plea Bargain."

However, after convicting and sentencing Appellant, the trial court indicated on the record that Appellant has the right of appeal. The trial court's original certification of Appellant's right to appeal similarly provides that his case "is not a plea-bargain case, and [that he] has the right of appeal."

The State's agreement to waive Counts One and Three in exchange for Appellant's guilty pleas to Counts Two and Four is a charge bargain, which qualifies as a plea bargain subject to rule of appellate procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2), (d); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *see also Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009). We therefore abated this appeal on January 14, 2019, so that the trial court could amend its certification of Appellant's right to appeal to comport with the record. *See* Tex. R. App. P. 25.2(d), 34.5(c)(2). On February 11, 2019, the trial court signed an amended certification stating that this "is a plea-bargain case, and [Appellant] has NO right of appeal."

An appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d).

3

Under rule 25.2 of the Texas Rules of Appellate Procedure, we must "dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Because the trial court has now certified that Appellant entered into a plea bargain and has no right of appeal, we dismiss this appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez*, 183 S.W.3d at 680; *Bailey v. State*, No. 02-17-00018-CR, 2018 WL 6113164, at *2 (Tex. App.—Fort Worth Nov. 21, 2018, no pet.) (mem. op., not designated for publication); *Angel v. State*, No. 02-17-00231-CR, 2018 WL 4140738, at *1–2 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op., not designated for publication); *Moore v. State*, No. 02-17-00216-CR, 2017 WL 6759035, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op., not designated for publication). We take no action on Appellant's counsel's motion to withdraw. *See Chavez*, 183 S.W.3d at 680.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 28, 2019