

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-379-CR**

---

LANCE DARNELL WILLIAMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Lance Darnell Williams appeals his conviction for murder.[2]  We

affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 19.02(b) (Vernon 2003).

Appellant shot and killed his friend, Charlie Lee Jackson, following an argument. A jury found appellant guilty of murder and assessed punishment at twenty-five years' confinement. The trial court sentenced him accordingly.

In point one, appellant claims that the trial court erred in refusing his requested jury charge on criminally negligent homicide as a lesser included offense. We use a two-step analysis to determine whether appellant was entitled to a lesser included offense instruction.[3] First, the lesser offense must come within article 37.09 of the code of criminal procedure.[4] Article 37.09(3) provides, "An offense is a lesser included offense if . . . it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission.[5] Criminally negligent homicide satisfies this first step.[6]

The next step is to determine whether some evidence exists that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the

---

[3]*Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993).

[4]Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

[5]Tex. Code Crim. Proc. Ann. art. 37.09(3).

[6]*Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992); *Lugo v. State*, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984).

lesser offense.[7] This step acknowledges that there are factual circumstances in which an offense is indeed a lesser included offense under the first step, but a jury charge instruction is not required because the condition—that the defendant is not guilty of the greater offense but is guilty only of the lesser—is not met.[8] In such a case, the offense remains a lesser included, but the trial court is not required to instruct the jury on it.[9]

The evidence must be evaluated in the context of the entire record.[10] There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser.[11] The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.[12] Anything more than a scintilla of evidence may be enough to entitle a defendant to a lesser charge.[13] A charge on the lesser

---

[7]*Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73.

[8]*Pickens v. State*, 165 S.W.3d 675, 679 (Tex. Crim. App. 2005); *see also Irving v. State*, 176 S.W.3d 842, 845–46 (Tex. Crim. App. 2005); *Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005).

[9]*Pickens*, 165 S.W.3d at 679.

[10]*Moore*, 969 S.W.2d at 8.

[11]*Id*.

[12]*Id*.

[13]*Hall*, 225 S.W.3d at 536.

included offense is not required when the defendant presents no evidence or presents evidence that no offense was committed and there is no evidence otherwise showing that the defendant is guilty of a lesser included offense.[14]

A defendant is entitled to a charge on criminally negligent homicide only if there is more than a scintilla of evidence to show that he did not perceive that his conduct created a substantial and unjustifiable risk of injury or death.[15] Appellant contends that he only shot in the air to scare Jackson and that he did not intend to kill him. In support of this assertion, he cites testimony from a witness to the shooting, Latoya Degraffinried, and Arlington Police Detective Byron Stewart, together with his own videotaped statements. Assuming this evidence does show that appellant was pointing the gun in the air when he confronted Jackson, none of it proves that appellant failed to perceive the risk created by his conduct.[16] Even if the gun was pointing in the air, it is

---

[14]*Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).

[15]*Hall*, 225 S.W.3d at 536; *Mendieta v. State*, 706 S.W.2d 651, 653 (Tex. Crim. App. 1986).

[16]*See Trujillo v. State*, 227 S.W.3d 164, 168 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ("In fact, appellant's testimony that he wanted the gun 'to frighten the men off' shows that he either disregarded the risk or knew the risk of having a loaded gun."); *Woodward v. State*, 170 S.W.3d 726, 728 (Tex. App.—Waco 2005, pet. ref'd) (defendant's testimony that he merely intended to "scare them off" did not entitle him to criminally negligent homicide instruction).

4

undisputed that it was pointed in Jackson's direction. At a minimum, the evidence shows that appellant knew and disregarded the risks created by pointing and firing the gun in Jackson's direction.[17]

Because there is no evidence that appellant failed to perceive that his conduct would create a substantial and unjustifiable risk of injury or death, we hold that no rational jury would acquit appellant of murder and find him guilty only of criminally negligent homicide.[18] We overrule point number one.

In points two through ten, appellant claims that his trial counsel provided ineffective assistance. We apply a two-pronged test to ineffective assistance of counsel claims.[19] First, appellant must show that counsel's performance was deficient, which requires a showing that counsel made such serious errors that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.[20] Counsel's performance is only deficient if it fell below an objective standard of reasonableness measured by prevailing professional

---

[17]*See Trujillo*, 227 S.W.3d at 168.

[18]*See Moore*, 969 S.W.2d at 8.

[19]*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas*, 163 S.W.3d at 740; *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[20]*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

norms.[21] The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance.[22]   Our scrutiny of counsel's performance must be highly deferential, making every effort to eliminate the distorting effects of hindsight.[23]

Second, appellant must show that counsel's deficient performance prejudiced the defense; this requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.[24]  Appellant must show that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[25]

A claim of ineffective assistance of counsel must be firmly grounded in, and supported by, the record.[26]  When the record is silent as to possible trial

---

[21]*Id.* at 688–89, 104 S. Ct. at 2065.

[22]*Bone v. State,* 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002); *Thompson,* 9 S.W.3d at 813–14.

[23]*Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065.

[24]*Id.* at 687, 104 S. Ct. at 2064.

[25]*Id.* at 694, 104 S. Ct. at 2068.

[26]*Thompson,* 9 S.W.3d at 814; *Jackson v. State,* 973 S.W.2d 954, 955 (Tex. Crim. App. 1998).

strategies employed by defense counsel, we will not speculate on the reasons for those strategies.[27]

There is a substantial risk of failure when a claim of ineffective assistance of counsel is brought on direct appeal.[28] "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional."[29]

This case demonstrates the "inadequacies inherent in evaluating ineffective assistance claims on direct appeal."[30] Although appellant filed a motion for new trial, there is nothing in the record to show that he presented it to the trial court to afford the trial court a chance to hold a hearing and inquire into the reasons for trial counsel's acts or omissions. Consequently, we cannot determine whether counsel's actions were grounded in sound trial strategy because the record is silent as to possible trial strategies, and we will

---

[27]*See Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

[28]*Thompson,* 9 S.W.3d at 813.

[29]*Bone,* 77 S.W.3d at 833.

[30]*Patterson v. State,* 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).

not speculate on the reasons for those strategies.[31] Therefore, appellant has failed to meet the first prong of *Strickland.* Moreover, even if we could discern from the record that appellant's trial counsel's performance fell below the standard of reasonable professional representation, appellant has made no showing that any of counsel's alleged errors negatively affected the outcome.[32] Consequently, appellant has failed to meet the second prong of *Strickland*. We overrule points two through ten.

Having overruled all of appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 2, 2008

---

[31]*See id.*; *Jackson,* 877 S.W.2d at 771.

[32]*See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

8