

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00175-CR

---

JREYMARCIUS JREYMAINE REASON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 47192-A

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Jreymarcius Jreymaine Reason was charged with evading arrest or detention with a motor vehicle, unlawful possession of a firearm by a felon, and tampering with evidence. During Reason's Gregg County jury trial on those charges, Jacob Patrick Muehlstein, a trooper with the Texas Department of Public Safety, testified that a green Cadillac driven by Reason on Interstate Highway 20 (I-20) caught the trooper's eye by making a suspicious lane change immediately after passing his parked patrol unit. While the trooper admitted that, "[j]ust making an unusual or suspicious lane change is not illegal," he recounted that, after the lane change, the Cadillac pulled in behind a commercial truck and followed it too closely for the then-current traffic conditions. That caused Muehlstein to initiate a traffic stop. Instead of stopping, Reason kept driving, changed lanes, slowed down, exited I-20, ran a stop sign while off I-20, returned to I-20, continued fleeing the trooper for a considerable amount of time after getting back on I-20, and finally stopped. As a result of Reason's maneuvers off I-20, Muehlstein believed Reason had discarded something out of the window, but did not witness the act.

Reason appeals from his convictions on all three charges,[1] arguing that the evidence is legally insufficient to support his convictions, the trial court erred in failing to exclude evidence obtained in violation of Article 38.23 of the Texas Code of Criminal Procedure, and the trial court abused its discretion in allowing evidence of an extraneous offense.

---

[1]After being found guilty on each of the three counts, Reason pled true to the State's enhancement allegation and was sentenced to ten years' confinement for firearm possession and twenty years' each for evading and tampering.

2

We affirm the trial court's judgment against Reason, because (1) legally sufficient evidence supports Reason's conviction for evading arrest or detention with a motor vehicle, (2) legally sufficient evidence supports Reason's convictions for unlawful possession of a firearm by a felon and tampering with evidence, (3) an Article 38.23 instruction was not required, and (4) Reason failed to preserve error in the admission of evidence that the gun was stolen.

*(1)*      *Legally Sufficient Evidence Supports Reason's Conviction for Evading Arrest or Detention with a Motor Vehicle*

Muehlstein testified,

> After [Reason] passed me, there was no vehicles in front of him, he moved from the right lane to the left lane getting behind a larger commercial motor vehicle that was going slower, and just got right behind it, just at an unsafe distance, which is very unusual when you have a clear path to keep going forward and pass a slow-moving vehicle.

Muehlstein said that the Cadillac was fifteen to twenty feet behind the commercial vehicle and that "[f]ollowing too closely is a violation of the Texas Transportation Code." Muehlstein explained that "following too closely" meant that Reason could not safely avoid a collision if the commercial vehicle slammed on its brakes. He decided to activate the patrol unit's lights and siren to pull Reason over.

Once Muehlstein approached Reason's car, he smelled the odor of marihuana coming from it. Instead of a driver's license, Reason presented an identification card showing he was from Natchez, Mississippi. When asked why he did not immediately pull over, Reason claimed it was because he did not have a driver's license or insurance. Meuhlstein and other officers searched Reason's car for marihuana, but found none.

3

According to Muehlstein, Reason claimed that, during the pursuit, he had thrown from the Cadillac some "loud," which was slang for high-grade marihuana. In order to pinpoint the discarded item's location, Muehlstein watched the dash-cam footage the next morning to see if it provided any clues. He testified that he saw a light-colored object being thrown out when Reason first exited the interstate. Muehlstein returned to the location and found a Colt revolver instead of the marihuana he believed he would find. According to Muehlstein, a search of the gun's serial number revealed that it had been stolen out of Natchez, Mississippi. The State introduced evidence establishing that Reason had been previously convicted of a prior felony offense.

Reason argues that the evidence is insufficient to support the jury's verdicts of guilt. In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

4

The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

A person commits a third-degree felony offense if he "flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him" in a motor vehicle. TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A). The State's indictment alleged that, on or about October 25, 2017, Reason did "while using a vehicle, intentionally flee from Jacob Muehlstein, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant." Where the validity of a detention or arrest is an element of the offense, it must be proven beyond a reasonable doubt. *York v. State*, 342 S.W.3d 528, 543 (Tex. Crim. App. 2011).

Reason argues that there was no evidence that Muehlstein was attempting to lawfully detain him because there was no legal basis for the traffic stop. In other words, he argues that Muehlstein's testimony was insufficient to support a determination that he had reasonable suspicion to conduct an investigative detention.

"If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop. The officer also may detain a person who commits a traffic violation." *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992)). Muehlstein testified that Reason was following too closely behind another vehicle. If true, that act is a violation of Section 545.062 of the Texas Transportation Code, which provides:

5

> An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

TEX. TRANSP. CODE ANN. § 545.062 (Supp.).

In support of his argument that Muehlstein's testimony was not enough to establish the violation, Reason relies on *Ford v. State*, wherein the Texas Court of Criminal Appeals held that an officer's bare testimony that he stopped the defendant because he was "following too close," without any further descriptive evidence, constituted a conclusory opinion "insufficient to establish reasonable suspicion absent objective factual support." *Ford v. State*, 158 S.W.3d 488, 494 (Tex. Crim. App. 2005). Muehlstein, however, provided additional information before opining that the distance was too short to allow for Reason to safely avoid a collision if the commercial vehicle slammed on its brakes, including the distance between the two vehicles and the fact that the stop occurred at approximately 2:00 p.m. on a weekday, when some vehicles on I-20 were traveling between sixty and seventy miles per hour.[2] The best piece of evidence was the dash-cam video, which the jury viewed, establishing the short distance between Reason's vehicle and the commercial truck. The video also showed that there was a constant flow of traffic on the interstate in both lanes when Reason was following behind the truck in the left lane and that there was a barrier in the left lane blocking any entry into the median.

---

[2]Although suppression issues involve a different standard of proof, we note that we have previously affirmed a trial court's decision to deny a motion to suppress based on lesser evidence than presented by Muehlstein. *Young v. State*, 420 S.W.3d 139, 142–43 (Tex. App.—Texarkana 2012, no pet.).

6

Accordingly, we conclude that, when viewed in the light most favorable to the verdict, a rational jury could find, beyond a reasonable doubt, that Reason failed to maintain a sufficient distance from the commercial vehicle "so that, considering the speed of the vehicles, traffic, and the conditions of the highway," Reason could not "safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." *See* TEX. TRANSP. CODE ANN. § 545.062. Reason does not argue that the evidence was insufficient to establish that he intentionally fled from a person he knew was a police officer while using a vehicle. Therefore, we find the evidence legally sufficient to support his conviction for evading arrest or detention.

*(2)     Legally Sufficient Evidence Supports Reason's Convictions for Unlawful Possession of a Firearm by a Felon and Tampering with Evidence*

With respect to his two other offenses, Reason argues only that the evidence is legally insufficient to support the jury's finding that he possessed, and thereafter concealed, the firearm. Because Reason's convictions for tampering and possession turn on the common element of the gun, we address them together in this section.

"A person commits an offense if the person . . . knowing that an offense has been committed, alters, destroys, or conceals any record, document, or thing with intent to impair its . . . availability as evidence in any subsequent investigation of or official proceeding related to the offense." TEX. PENAL CODE ANN. § 37.09(d)(1). The State's indictment alleged that Reason

> did then and there knowing that an offense had been committed, to-wit: Unlawful Possession of Firearm by Felon, intentionally and knowingly conceal a weapon, to-wit: a firearm, with intent to impair its availability as evidence in any subsequent investigation or official proceeding related to the offense.

7

A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1)     after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2)     after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a). The State's indictment alleged that Reason,

having been convicted of the felony offense of Possession of a Schedule II Controlled Substance on the 21st of November, 2002, in cause number 02-KR-0252-J in the Circuit Court of Adams County, Mississippi, intentionally or knowingly possess[ed] a firearm after the fifth anniversary of the defendant's release from confinement following conviction of said felony at a location other than the premises at which the defendant lived, to-wit: on Interstate 20 in Gregg County, Texas.[3]

"'Possession' is defined as 'actual care, custody, control, or management.'" *Swapsy v. State*, 562 S.W.3d 161, 164–65 (Tex. App.—Texarkana 2018, no pet.) (quoting TEX. PENAL CODE ANN. § 1.07(a)(39) (Supp.)). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* at 164 (quoting TEX. PENAL CODE ANN. § 6.01(b)). "To obtain a conviction for possession of a firearm, the State must show that the accused not only exercised actual care, control, or custody of the firearm, but also that he was conscious of his connection with it and that he possessed it knowingly." *Id.* at 164–65 (citing *Brown v. State*, 911 S.W.2d 744,

---

[3]The State introduced a Mississippi judgment establishing that Reason pled guilty to the felony offense of possession of a Schedule II controlled substance and was sentenced to five years' imprisonment.

747 (Tex. Crim. App. 1995); *Smith v. State*, 118 S.W.3d 838, 842 (Tex. App.—Texarkana 2003, no pet.)).

The gun was found on the side of the road at a location Reason had passed after he had exited I-20, but that is not sufficient, in and of itself, to establish his knowing possession of the weapon. *See id.* at 165 (citing *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006)). This rule protects the innocent bystander from a conviction "merely due to his fortuitous proximity to a firearm belonging to someone else." *Id.* However, the defendant's presence or proximity to the weapon, combined with other evidence, may be sufficient to establish this element. *Id.*

"Certain factors, either alone or in combination, may be considered in deciding whether the evidence is legally sufficient to circumstantially establish an accused's knowing possession of a firearm." *Id.* These linking factors include:

> (1) the defendant's presence when the search was conducted, (2) whether the firearm was in plain view, (3) whether the defendant was in close proximity to and had access to the firearm, (4) whether the defendant had a special connection to the firearm, (5) whether the defendant possessed other contraband when arrested, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether the defendant owned or had the right to possess the place where the firearm was found, (10) whether the place where the firearm was found was enclosed, (11) whether conflicting statements on relevant matters were given by the persons involved, and (12) whether the defendant's conduct indicated a consciousness of guilt.

*Id.* "[E]vidence which affirmatively links [a defendant] to [an object] suffices for proof that he possessed it knowingly." *Id.* (quoting *Brown*, 911 S.W.2d at 747). "However, these affirmative links must demonstrate that 'the accused was aware of the object, knew what it was, and recognized his or her connection to it.'" *Id.* (quoting *Smith*, 118 S.W.3d at 842). The evidence showing these

9

links may be direct or circumstantial, but the evidence must establish that the connection between the accused and the firearm is more than fortuitous. *Id.* (citing *Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet. ref'd)).

Given the nature of this case, all factors will not apply. Yet, the absence of any links does not establish innocence if other evidence appropriately links the defendant to the item. *Id.* Important is the logical force of the links, rather than their number. *Id.* "Further, the links need not exclude every other reasonable hypothesis but the defendant's guilt." *Id.* (citing *Brown*, 911 S.W.2d at 748). When the evidence can support either the prosecution or the defense, we will defer to the fact-finder's view of the evidence. *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011).

Here, there are several factors that link Reason to the firearm. Muehlstein testified that he viewed Reason's suspicious driving as an attempt to avoid being noticed.[4] After his attempt actually drew the trooper's notice, Reason fled from Muehlstein in a motor vehicle. Reason's driving and act of evading arrest indicated a consciousness of guilt. Following his arrest, Reason made an incriminating statement that he had thrown something out of the window during the chase. This statement constituted recognition that he exercised custody and control over the object thrown from the window, whatever it was. Although he said it was marihuana, the gun was found in the

---

[4]Muehlstein testified,

> In my experience as a trooper for 12 years, I see people make very unusual lane changes when they get nervous when they're around law enforcement, and it's not just nervous because there's law enforcement, but nervous because a lot of times there is an element of some other crime going on and they start trying to overreact and think they should be trying to overcompensate with their driving.

10

location instead of any marihuana. Muehlstein testified that the weapon was in the same spot where the video showed Reason dropping an object. Plus, the gun was reported stolen from the same city in which Reason lived. *See Peters v. State*, 959 N.E.2d 347, 355 (Ind. Ct. App. 2011) (evidence legally sufficient to convict defendant of unlawful possession of firearm where 9mm firearm was found after foot pursuit in area where defendant had run, defendant had 9mm bullets in his pocket, "the gun had been reported stolen by a person who lived in Columbus, Ohio, and [defendant] lived in Columbus, Ohio.").

We find that links 4, 6, 7, 8, and 12 were established and that the logical force of the links was sufficient for a rational jury to conclude that Reason threw the weapon out of his window during the chase. Therefore, we find the evidence legally sufficient to support the jury's finding that Reason possessed the firearm and then concealed it. Accordingly, legally sufficient evidence supports Reason's convictions for unlawful possession of a firearm and tampering with evidence. Having found the evidence legally sufficient to support each of Reason's convictions, we overrule this point of error.

*(3)    An Article 38.23 Instruction Was Not Required*

Article 38.23(a) of the Texas Code of Criminal Procedure states,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

11

TEX. CODE CRIM. PROC. ANN. art. 38.23(a). Reason argues that the trial court erred in not including an Article 38.23 instruction in the court's jury charge.

We employ a two-step process in our review of alleged jury charge error. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13. "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id.* (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

The Texas Court of Criminal Appeals has held that, if a defendant raises a fact issue about whether a traffic stop violated the Constitution or laws of either the United States or Texas, the trial court should instruct the jury to disregard any evidence it finds was obtained in violation of the Constitution or laws of the United States or Texas. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (citing TEX. CODE CRIM. PROC. ANN. art. 38.23(a)). However, an Article 38.23(a) instruction is "mandatory only when there is a factual dispute regarding the legality of

12

the search." *Williams v. State*, 356 S.W.3d 508, 525 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005)); *see also Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007) ("There must be a genuine dispute about a material fact."); *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004) ("An Article 38.23 instruction must be included in the jury charge only if there is a factual dispute about how the evidence was obtained.").

Accordingly, to trigger a requirement for an instruction under Article 38.23(a) of the Texas Code of Criminal Procedure, the following factors must be shown to exist: "(1) [t]he evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence." *Williams*, 356 S.W.3d at 526. The trial court has a duty to give an Article 38.23 instruction sua sponte if these three requirements are met. *Contreras v. State*, 312 S.W.3d 566, 574 (Tex. Crim. App. 2010).

Here, Reason did not complain of the legality of the traffic stop at trial and presented no affirmative evidence creating a factual dispute about how the evidence was obtained. Reason did not contest Muehlstein's testimony that he pulled Reason over after observing that (1) he was following fifteen to twenty feet behind a commercial vehicle on the interstate, (2) the distance between the two vehicles was too short to allow Reason to stop safely if needed, and (3) following too closely behind a commercial vehicle is a violation of the Texas Transportation Code.

An Article 38.23 instruction is not required unless "there is a dispute about whether a police officer was genuinely mistaken, or was not telling the truth, about a material historical fact on

13

which his assertion of probable cause or reasonable suspicion hinges." *Robinson v. State*, 377 S.W.3d 712, 721 (Tex. Crim. App. 2012). Thus, where, as here "the issue raised by the evidence at trial does *not* involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court." *Id.* at 719 (emphasis in original). Because we find that an Article 38.23 instruction was not required, we overrule this appellate issue.

*(4)    Reason Failed to Preserve Error in the Admission of Evidence that the Gun Was Stolen*

"Preservation of error is a systemic requirement on appeal. If an issue has not been preserved for appeal[,] . . . [the appellate court] . . . should [not] address the merits of that issue." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (citations omitted). Under Rule 33.1(a) of the Texas Rules of Appellate Procedure, an issue is not preserved on appeal unless the record shows that it was presented to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009).

Although Reason argues that Rule 404(b) of the Texas Rules of Evidence precluded the admission of evidence that the gun was stolen, the reporter's record shows that a Rule 404 objection was not made. Instead, counsel objected to the evidence under Rule 403 only.[5] "To

---

[5]In claiming that the issue was preserved, Reason relies on a motion in limine filed prior to trial and the trial court's discussion of that motion. "A motion in limine is only 'a preliminary matter and normally preserves nothing for appellate review.'" *Davlin v. State*, 531 S.W.3d 765, 768 (Tex. App.—Texarkana 2016, no pet.) (quoting *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)); *see Gonzales v. State*, 685 S.W.2d 47, 50 (Tex. Crim. App.

preserve a complaint for appellate review . . . the point of error on appeal must comport with the objection made at trial." *Fowler v. State*, 553 S.W.3d 576, 585 (Tex. App.—Texarkana 2018, no pet.) (quoting *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014)); *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (Rule 403 objection does not preserve Rule 404 issue raised first on appeal).

Because Reason's point of error does not comport with the objection made at trial, nothing is presented for appellate review. *See Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). We overrule this point of error.[6]

---

1985) ("For error to be preserved with regard to the subject matter of the motion in limine it is absolutely necessary that an objection be made at the time when the subject is raised during trial."). Yet, where the topic addressed in the limine motion results in an "adverse final ruling," error will be preserved. *Geuder v. State*, 115 S.W.3d 11, 14–15 n.10 (Tex. Crim. App. 2003). This is not such a case.

At the pretrial hearing, Reason argued that Muehlstein's eventual discovery that the gun was stolen was "so prejudicial" that it would "overwhelm" the jury and requested "that be limined out." The Court then heard argument regarding incriminating statements made by Reason on the dash-cam video and statements made by Muehlstein that he smelled marihuana. The parties then discussed whether the statements on the video constituted hearsay. After receiving answers to questions about the video, the trial court said, "I'm going to overrule the objections. I think it all comes in, it's all relevant, so that's the ruling of the Court." The video did not contain any evidence indicating that the gun was stolen. Our review of the record shows that the trial court made a definitive ruling that the video was admissible, but made no ruling on Reason's motion in limine with respect to the stolen gun. Here, we cannot find that the trial court made a "definitive final ruling on a timely and specific motion to exclude evidence" that the gun was stolen under Rule 404. *Geuder*, 115 S.W.3d at 15.

[6]The title of Reason's last point of error is "The trial court abused its discretion by admitting extraneous conduct at the guilt-innocence phase in violation of Rule 404(b)." It does not appear that Reason means to present a Rule 403 complaint. However, the Rule 404 analysis mentions Rule 403 and the relevant factors in conducting a Rule 403 balancing test and summarily states that the trial court abused its discretion in admitting the evidence over a Rule 403 objection. "Although [Reason's] brief includes and repeats a discussion of the legal requirements for the exclusion of evidence pursuant to Rule 403, the brief fails to include any analysis" of the factors considered in a Rule 403 determination as specified in *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006), or argue that the trial court erred in applying the factors. *Jackson v. State*, 424 S.W.3d 140, 155 (Tex. App.—Texarkana 2014, pet. ref'd) (concluding that a "bare-bones complaint" arguing that the trial court abused its discretion in admitting evidence under Rule 403 coupled only with a "discussion of the legal requirements for exclusion of evidence pursuant to Rule[] 403" is insufficient to present a point of error for review). To the extent the brief can be liberally read to raise a Rule 403 issue, "[b]ecause we are under no obligation to make [Reason's] arguments for him," we find it "present[s] nothing

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 9, 2019
Date Decided:       May 31, 2019

Do Not Publish

---

for our review." *Id.* (citing TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)).